IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES SHATTUCK, | ) |
|       Plaintiff, | ) |
|       v. | ) No. 2:19-cv-428 |
| LT. MIKE ANDERSON, DEP. ROBERT DECKER, and DEP. JERRAD PIRTLE, of the Vigo County Sheriff's Department; and MELISSA PHERSON and ASHLEY HILL of the Indiana Department of Child Services; all in their individual capacities, | ) |
|       Defendants. | ) |

## COMPLAINT FOR DAMAGES

**Introductory Statement**

1. After a complaint was made against James Shattuck with the Indiana Department of Child Services ("DCS"), two case managers with that agency—Melissa Pherson and Ashley Hill—made an unannounced visit to Mr. Shattuck's home. Because past experiences with DCS have led to false allegations and charges against Mr. Shattuck, and because Mr. Shattuck therefore distrusts DCS, he did not answer the door or allow Ms. Pherson or Ms. Hill to enter his home. Rather, he and his daughter remained silent and simply waited for the case managers to leave. Instead, Ms. Pherson called for assistance from law enforcement, and Lt. Mike Anderson, Dep. Robert Decker, and Dep. Jerrad Pirtle responded to the scene. Even though they did not possess a warrant to enter the Shattucks' home, they did not possess consent to enter the home, and no exigent circumstances existed to justify warrantless entry into the home, the defendants forced entry into the home by

1

breaking down the front door and then remained in the Shattucks' home for nearly an hour. The actions of all defendants were violative of the Fourth Amendment to the United States Constitution, and Mr. Shattuck is entitled to his damages.

**Jurisdiction, Venue, and Cause of Action**

2. This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

4. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

**Parties**

5. James Shattuck is an adult resident of Vigo County, Indiana.

6. Lt. Mike Anderson was, at all relevant times, employed by the Vigo County Sheriff's Department.

7. Dep. Robert Decker was, at all relevant times, employed by the Vigo County Sheriff's Department.

8. Dep. Jerrad Pirtle was, at all relevant times, employed by the Vigo County Sheriff's Department.

9. Melissa Pherson was, at all relevant times, employed by the Vigo County Office of the Indiana Department of Child Services.

10. Ashley Hill was, at all relevant times, employed by the Vigo County Office of the Indiana Department of Child Services.

**Factual Allegations**

11. James Shattuck is an adult resident of Terre Haute, Indiana. He lives with his wife and his five-year-old daughter in a single-family home.

12. In the past, false accusations of child abuse or neglect have been levied against Mr. Shattuck with the Indiana Department of Child Services ("DCS"). These accusations, and what Mr. Shattuck believes to have been an unfair and biased investigation against him, led to criminal charges against Mr. Shattuck that were ultimately dismissed when the alleged victim recanted.

13. Mr. Shattuck's past experience with false accusations and with the subsequent investigation have caused him to possess a great distrust of DCS and of law enforcement.

14. On or about July 17th or July 18th of 2019, two case managers from DCS, who were later identified by Mr. Shattuck as Melissa Pherson and Ashley Hill, conducted an unannounced visit to Mr. Shattuck's home. This visit was precipitated by a complaint that Mr. Shattuck was often alone with his daughter, that his daughter had reported that she and her father "have secrets," that Mr. Shattuck does not permit other persons to speak with his daughter alone, and that Mr. Shattuck's daughter was observed attempting to kiss, hug, and change a younger child's diaper. No specific allegations of abuse or neglect were made to DCS, and certainly no allegations that Mr. Shattuck's daughter was in imminent harm existed.

15. At the time that Ms. Pherson and Ms. Hill visited Mr. Shattuck's home, he and his daughter were the only persons present at home.

16. Mr. Shattuck recognized that Ms. Pherson and Ms. Hill were wearing badges around their necks and he therefore assumed that they were case managers from DCS. Because of his distrust of and past experiences with DCS, rather than answer the door and speak with Ms. Pherson and Ms. Hill, Mr. Shattuck led his daughter to the back of the house and the two of them remained quiet in the hopes that Ms. Pherson and Ms. Hill would leave.

17. Mr. Shattuck does not believe that his daughter said anything after Ms. Pherson and Ms. Hill approached the Shattucks' front door. However, he understands that the two case managers subsequently reported having heard a child's voice inside the house.

18. After several minutes, Ms. Pherson contacted law enforcement for assistance. Lt. Mike Anderson and Dep. Robert Decker initially responded to the scene. At some point prior to entering the Shattucks' home, they were joined also by Dep. Jerrad Pirtle, although Mr. Shattuck does not know precisely when Dep. Pirtle arrived.

19. When Mr. Shattuck did not respond to several knocks on the front door from Lt. Anderson and Dep. Decker, Lt. Anderson contacted an attorney from the Vigo County Prosecutor's Office in order to request advice on how to proceed. This attorney advised the officers and the case managers that they could force entry into the Shattucks' home due to concerns that a child was in the house alone.

20. A short while later, before entry was forced into the Shattucks' house, Mr. Shattucks' wife (Alicia Shattuck) arrived home. Ms. Shattuck spoke with Ms. Pherson briefly before calling Mr. Shattuck on his cell phone. At this point, Ms. Shattuck remained in front of the house.

21. During this telephone conversation between Mr. Shattuck and Ms. Shattuck, if not sooner, all of the defendants became aware that Mr. Shattuck was inside of the house and that a child was therefore not in the house alone. The defendants were informed during this conversation that they did not have the Shattucks' permission or consent to enter the Shattucks' home.

22. At no point was a warrant to enter the Shattucks' home either sought or obtained. Nor did exigent circumstances exist that would justify the warrantless entry into the Shattucks'

home. And, even if exigent circumstances existed at the time an attorney with the Vigo County Prosecutor's Office was contacted, these circumstances no longer existed once the defendants learned that Mr. Shattuck was present inside the house and that a child was therefore not in the house alone.

23. Nonetheless, Lt. Anderson, Dep. Decker, and Dep. Pirtle forced entry into the Shattucks' home by breaking down the front door. All five defendants entered the Shattucks' home without their consent, without a warrant, and without the existence of any circumstances that would justify their warrantless entry.

24. When the defendants entered the Shattucks' home, Mr. Shattuck was immediately visible in the living room area and Mr. Shattucks' daughter was observed to be safe and in no apparent distress.

25. At no point did Mr. Shattuck or Ms. Shattuck consent for any of the defendants to remain in their home.

26. Nonetheless, all defendants remained in the Shattucks' home for nearly an hour. During this time, Ms. Pherson and Ms. Hill interviewed Mr. Shattuck's daughter and Mr. Shattuck himself. They did not find any evidence to substantiate the report of abuse or neglect that had been made against Mr. Shattuck, and they therefore determined the allegations to be unsubstantiated.

27. The defendants' entry into the Shattucks' home represents a warrantless search to which the Shattucks did not consent that was not justified by any exigency.

28. As a result of this entry, Mr. Shattuck has suffered emotional harm and other damages.

29. At all times, the defendants acted under color of state law.

**Legal Claim**

30. The defendants' entry into the Shattucks' home, and their decision to remain in that home, violated the Fourth Amendment to the United States Constitution.

**Request for Relief**

**WHEREFORE,** the plaintiff requests that this Court:

1. Accept jurisdiction of this cause and set it for hearing.

2. Declare that the defendants have violated the rights of the plaintiff for the reason noted above.

3. Award the plaintiff his damages.

4. Award the plaintiff his costs and attorneys' fees pursuant to 42 U.S.C. § 1988.

5. Award all other proper relief.

Gavin M. Rose
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059, x106
317/635-4105 (fax)
grose@aclu-in.org

*Attorney for the plaintiff*
